UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILFREDO PIRERA

vs.

Case No. 8:14-cr-359-T-27TBM
Case No.: 8:17-cv-767-T-27TBM

UNITED STATES OF AMERICA

_____/

# ORDER

**BEFORE THE COURT** is Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate (cv Dkt. 1) and his "Motion Seeking To Leave the Original § 2255 Motion" (cv Dkt. 20), which is construed as a motion to amend his § 2255 motion, and his proposed Amended § 2255 Motion to Vacate (cv Dkt. 21). The United States opposes the § 2255 motion, arguing that it is untimely (cv Dkt. 5).[1]

Upon consideration, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate (cv Dkt. 1) is DISMISSED as time-barred. His construed motion to amend (Dkt. 20) is DENIED as moot.[2]

---

[1] In his § 2255 motion, Petitioner raises three grounds for relief: (1) Ineffective assistance of counsel for failing to file an appeal and failing to challenge jurisdiction, (2) illegal and inhumane treatment at time of arrest, and (3) illegal arrest in violation of international law and lack of jurisdiction (Dkt. 1).

[2] The proposed amendment ostensibly raises a new claim, that the court erred at sentencing by not applying USSG § 3B1.2 (mitigating role) and clarifying Amendment 794. Although this claim was not asserted in his original form § 2255 motion, it appears to be the same claim raised in Ground 4 of his memorandum in support of that § 2255 motion (cv Dkt. 2 at 19). An amendment to his § 2255 would therefore be unnecessary

In any event, the proposed amendment is futile. A proposed amendment may be denied as futile, when the proposed amendment would be subject to dismissal. *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010), citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir.2007).

Petitioner's reliance on Amendment 794 is futile. Because Amendment 794 is not listed among the retroactive amendments in U.S.S.G. § 1B1.10(d), it does not authorize a reduction in Petitioner's sentence under § 3582(c)(2). Amendment 794 is a clarifying amendment to the commentary to USSG § 3B1.2, rather than a substantive change in the guidelines, and is therefore not retroactively applied on collateral review. *See United States v. Jerchower*, 631 F.3d 1181, 1187 (11th Cir. 2011) (clarifying amendment applies retroactively on direct appeal); *United States v. Casas*, 632 Fed.Appx. 1003, 1004 (11th Cir. 2015); U.S.S.G. Supp. App. C, Amend. 794 ("This amendment provides additional guidance to sentencing courts in determining whether a mitigating role adjustment applies.").

1

## Procedural history

Pursuant to a Plea Agreement, Petitioner pleaded guilty to conspiracy to possess with the intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States (cr Dkts. 54, 74). He was sentenced to 108 months (cr Dkt. 117). He did not appeal. On May 21, 2015, he filed a motion to reduce his sentence under Amendment 782 to the United States Sentencing Guidelines and 18 U.S.C. § 3582 (c) (cr Dkt. 123). Amendment 782 was in effect when he was sentenced, however, and his motion was accordingly denied (cr Dkt. 138).

## Discussion

Petitioner's conviction became final on February 17, 2015, when the time to file a direct appeal expired. *See Adams v. United States*, 173 F.3d 1339, 1342 n. 2 (11th Cir. 1999). He had one year from that date within which to file a timely § 2255 motion. 28 U.S.C. § 2255(f)(1); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir.1999). And the limitation period applies to all claims, including claims cast in jurisdictional terms. *See Williams v. United States*, 383 F.Appx 927, 929-30 (11th Cir. 2010).

Petitioner's original § 2255 motion was filed on March 31, 2017, and signed by him on March 27, 2017, more than two years after his conviction became final (cv Dkt.1). His § 2255 motion is therefore time-barred, unless he demonstrates circumstances that justify equitable tolling. *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011).

Petitioner would be "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented him from timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010). Petitioner has shown neither reasonable diligence or extraordinary circumstances that prevented him from filing a timely § 2255 motion. He therefore has not demonstrated entitlement to equitable tolling. "In the absence of any showing of his own diligence

2

[or extraordinary circumstances], [Petitioner] cannot be entitled to the rare and extraordinary remedy of equitable tolling." *San Martin*, 633 F.3d at 1271, *quoting Drew v. Dep't of Corrections*, 297 F.3d 1278, 1289 (11th Cir. 2002).

Apparently anticipating the United States' limitations defense, in his Memorandum filed in support of his original § 2255 motion, Petitioner contends only that his motion to reduce his sentence under Amendment 782 to the United States Sentencing Guidelines tolled the limitations period.[3] But § 2255 does not include the same tolling provisions as state habeas petitions filed under § 2254. *Barnes v. United States*, 437 F.3d 1074, 1079 (11th Cir. 2006) (Rule 33 motion for new trial does not toll AEDPA's one-year limitation period for filing a § 2255 motion). Indeed, Petitioner's Amendment 782 motion could not have tolled the limitations period because by virtue of the express language of § 3582, the motion had no effect on when his conviction became "final" for "all other purposes," including the AEDPA limitations purposes. 18 U.S.C. § 3582(b) ("Notwithstanding the fact that a sentence to imprisonment can subsequently be- (1) modified pursuant to the provisions of subsection (c)3 . . . judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes."); *United States v. Schwartz*, 274 F.3d 1220, 1224 (9th Cir. 2001) (Section 3582 motion did not toll or restart running of limitations period); *See also United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005) (sentencing adjustment under Section 3582(c) does not constitute a resentencing); *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) (same).

In sum, Petitioner's unsupported claim that counsel failed to file an appeal fails to meet the criteria of section 2255(f)(4), and does not serve as an extraordinary circumstance which tolled the one year limitations period. He has shown neither due diligence nor extraordinary circumstances that prevented him from timely seeking collateral relief. And his Section 3582 motion did not toll the

---

[3] Despite being granted several extensions to file a Reply to the United States' opposition, in which the limitations bar was raised, and to which defense counsel's affidavit was attached, Petitioner never filed a Reply. And he has never contended that but for counsel's failure to file an appeal, he would have filed a timely § 2255 motion. Nor does he address when he discovered that an appeal had not been filed. Even assuming that counsel's failure to file an appeal can constitute extraordinary circumstances, Petitioner does not even attempt to show that he exercised reasonable diligence in pursuing his rights. An evidentiary hearing is therefore not warranted. *See Spears v. United States*, 605 F.Appx 900, 905-06 (11th Cir. 2015); *San Martin*, 633 F.3d at 1271.

limitations of section 2255. His untimely section 2255 motion is therefore time-barred.[4]

The Clerk is directed to enter judgment in favor of the United States, deny any pending motions as moot, and close this case.

## Certificate of Appealability

To obtain a COA, Petitioner must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and demonstrate that the Court's application of AEDPA to his constitutional claims is debatable amongst jurists of reason. *United States v. Futch*, 518 F.3d 887, 894–95 (11th Cir. 2008), citing *Miller–El v. Cockrell*, 537 U.S. 322, 336(2003). Petitioner cannot make that requisite showing, since his § 2255 motion is untimely and equitable tolling is not applicable. He is therefore not entitled to a COA or to appeal in forma pauperis.

**DONE AND ORDERED** this 12th day of October, 2017.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to: Petitioner, Counsel of Record

---

[4] An evidentiary hearing is unnecessary where, as here, no basis exists to suggest that further inquiry would establish equitable tolling. *San Martin*, 633 F.3d at 1271-72; *Spears*, 605 F.Appx at 905.